IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA ZELENKA,                )
                                )
            Plaintiff,           )
                                )
    v.                          )
                                ) Civil Action No. 11-1442
CAROLYN W. COLVIN,[1]            )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                )
            Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of March, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this case.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on January 14, 2009, alleging disability beginning on February 1, 2007, due to bipolar disorder, depression, drug problems, blood clots in her lungs and a hernia. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 24, 2010. On September 15, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 15, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a ninth-grade education, was 28 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has past relevant work experience as an assembler and a dishwasher, but she has not engaged in substantial gainful activity at any time since filing her application.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder, schizoaffective disorder and a history of polysubstance abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she is restricted by certain non-exertional limitations. In that regard, plaintiff is limited to performing simple, repetitive tasks in a low stress work environment that does not require interaction with the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to perform other work that exists in significant numbers in the national economy, such as a machine presser, laundry worker or sorter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[2] 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

of the sequential evaluation process because: (1) he gave inadequate weight to the opinion of a consultative psychologist who examined her; (2) he placed too much weight on the opinion of a non-examining state agency psychologist who reviewed plaintiff's records; (3) he improperly substituted his own lay opinion for that of medical experts when he made observations concerning plaintiff's demeanor at the administrative hearing; (4) his RFC Finding does not match the RFC contained in the hypothetical question posed to the vocational expert; and (5) the hypothetical question was otherwise inadequate. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ gave inadequate weight to the opinion of Dr. Linda Rockey, who performed a one-time psychological consultative examination of plaintiff. According to the regulations, the ALJ will give an opinion the weight he deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§416.927(c)(1)-(4). In light of these factors, the ALJ properly determined that Dr. Rockey's opinion should be given little weight. (R. 15).

Dr. Rockey concluded that plaintiff would have difficulty interacting with others at work, comprehending and completing complex work tasks, adapting to changes, meeting deadlines and maintaining consistent employment on a daily basis. (R. 442).

The ALJ concluded that Dr. Rockey's assessment was entitled to little weight because it appeared to be based primarily on plaintiff's subjective complaints, which the ALJ found not entirely credible,[3] and because her assessment was not supported by other evidence of record. (R. 15). In that regard, the ALJ discussed records from Dr. Urrea and Dr. Gupta, two of plaintiff's treatment providers, which did not support Dr. Rockey's restrictive assessment. After reviewing the record, the court finds no error in the ALJ's consideration and weighing of Dr. Rockey's opinion, and further notes that despite giving Dr. Rockey's opinion little weight, the ALJ nevertheless incorporated some of her assessment into the RFC Finding by limiting plaintiff to simple, repetitive tasks in a low stress work environment and no interaction with the public.

The court similarly finds no error in the ALJ's consideration of, and reliance upon, the assessment of Dr. Kerry Brace, a non-examining state agency psychologist who reviewed plaintiff's records and completed a residual functional capacity assessment of plaintiff's ability to perform various mental work-related tasks. (R. 446-49). Dr. Brace determined that plaintiff was not significantly limited in her ability to understand, remember and

---

[3] Plaintiff complains that it was inappropriate for the ALJ to reject Dr. Rockey's opinion because it was based on plaintiff's subjective complaints to the doctor. To be clear, the ALJ concluded Dr. Rockey's opinion was entitled to little weight because it was based on plaintiff's subjective complaints, which the ALJ found to be lacking credibility, and because Dr. Rockey's opinion was inconsistent with the other record evidence. (R. 15). Thus, the ALJ did not simply reject Dr. Rockey's opinion because it was based on plaintiff's representations to her; rather, it was one of the factors which the ALJ took into account when considering and weighing Dr. Rockey's assessment.

carry out short and simple instructions, but she was markedly limited in her ability to do so with respect to detailed instructions. (R. 446). Dr. Brace also found plaintiff was markedly limited in her ability to interact appropriately with the general public. (R. 447). The ALJ gave Dr. Brace's assessment great weight, (R. 16), and relied upon it to fashion the RFC Finding which limited plaintiff to simple, repetitive tasks in a low stress work environment that does not involve interaction with the general public.

Plaintiff contends that the ALJ improperly gave great weight to Dr. Brace's opinion, in part because the opinion was outdated by the time the ALJ conducted the administrative hearing. Contrary to plaintiff's position, the regulations specify that state agency psychological consultants, such as Dr. Brace, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §416.927(e)(2)(i).

Consistent with the regulations, the Third Circuit has recognized that the opinions of state agency consultants merit significant consideration. In <u>Chandler v. Commissioner of Social Security</u>, 667 F.3d 356 (3d Cir. 2011), the Third Circuit determined the ALJ in that case properly relied on the state agency medical consultant's RFC assessment in support of his

AO 72
(Rev. 8/82)

decision to deny the claimant's application for benefits, noting that the ALJ did not merely rubber stamp the medical consultant's RFC determination, but rather considered the evidence as a whole. Id. at 361-62.

Likewise, here, the ALJ was entitled to rely on, and accord great weight to, Dr. Brace's mental RFC assessment of plaintiff. As in Chandler, the ALJ did not simply rubber stamp Dr. Brace's opinion, but rather found the opinion to be consistent with the totality of the evidence and incorporated it into the RFC Finding. Moreover, to the extent plaintiff suggests that the lapse of time between Dr. Brace's assessment in April 2009 and the administrative hearing in June 2010, made it inappropriate for the ALJ to rely on Dr. Brace's opinion, the Third Circuit rejected that argument in Chandler, stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." 667 F.3d at 361. It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings, id., citing SSR 96-6p, and after considering all of the evidence, the ALJ did not so conclude in this case.

Plaintiff is also incorrect that the ALJ improperly made observations concerning plaintiff's demeanor at the administrative hearing and then relied upon his own lay opinion to deny benefits. As plaintiff suggests, the Third Circuit has had held that an ALJ may not substitute his own lay opinion for that of medical experts. In Morales v. Apfel, 225 F.3d 310, 318 (3d Cir. 2000),

AO 72
(Rev. 8/82)

our appellate court stated, "[a]lthough an ALJ may consider his own observations of the claimant and this Court cannot second-guess the ALJ's credibility judgments, they alone do not carry the day and override the medical opinion of a treating physician that is supported by the record."

In this case, however, the ALJ did not disregard medical opinion evidence based solely on his own observations and impressions of plaintiff's demeanor at the administrative hearing. Rather, the ALJ discussed and relied upon medical evidence from Dr. Urrea and Dr. Gupta and from Western Psychiatric Institute and Clinic to conclude that plaintiff did not suffer disabling mental impairments and, in connection with that analysis, he also noted that plaintiff did not appear either hyperactive or noticeably depressed at the administrative hearing. (R. 16). As the ALJ's opinion makes clear, he first and foremost relied upon the medical evidence of record, but also noted that his own impression of plaintiff's demeanor at the hearing further supported the conclusion that she did not suffer disabling mental impairments. The ALJ's analysis and reference to plaintiff's demeanor at the hearing was proper. See Garcia v. Commissioner of Social Security, 94 Fed. Appx. 935, 940-41 (3d Cir. 2004) (holding that substantial evidence supported the ALJ's reference to the claimant's demeanor at the administrative hearing, where the ALJ also considered reports of examining physicians that did not match the claimant's subjective complaints of disabling limitations).

Plaintiff's final arguments concern the ALJ's RFC Finding and

hypothetical question to the vocational expert. Plaintiff contends that the ALJ's RFC Finding did not match the RFC contained in the hypothetical posed to the vocational expert, and the hypothetical question is otherwise inadequate because it did not include limitations found by Dr. Rockey. Plaintiff is incorrect on both accounts.

At the administrative hearing, the ALJ asked the vocational expert a hypothetical question that limited plaintiff to jobs involving simple, repetitive tasks that did not require working with the public. (R. 53). The ALJ's RFC Finding set forth in his decision limited plaintiff to simple, repetitive tasks performed in a low stress work environment that did not involve interaction with the general public. (R. 13). Plaintiff complains that the ALJ's hypothetical question to the vocational expert at the hearing did not reference a low stress work environment, which the ALJ later included in the RFC Finding, thus there is no expert testimony to address whether jobs exist for someone like plaintiff who cannot handle work stress.

Contrary to plaintiff's position, the ALJ's hypothetical question to the vocational expert adequately conveyed plaintiff's limitations, including her need to work in a low stress environment, even though he did not specifically include the words "low stress" in his hypothetical. In <u>Menkes v. Astrue</u>, 262 Fed. Appx. 410, 412 (3d Cir. 2008), the Third Circuit held that "performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained

AO 72
(Rev. 8/82)

concentration." Accordingly, the ALJ's hypothetical question limiting plaintiff to simple, repetitive tasks sufficiently covered her need to work in a low stress environment.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of the limitations caused by her impairments, including those identified by Dr. Rockey. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in significant numbers in the national economy

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    521 Cedar Way
    Suite 200
    Oakmont, PA 15139

    Christy Wiegand
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219